

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-547-A |
| | § | |
| ASC MORTGAGE/U.S. BANK | § | |
| NATIONAL ASSOCIATION, AS | § | |
| TRUSTEE FOR STRUCTURED ASSET | § | |
| INVESTMENT LOAN TRUST, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants[1], ASC Mortgage/U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust ("ASC")[2], and Locke Lord, LLP, ("Locke"), and the motion of Barrett Daffin Frappier Turner & Engel, LLP ("Barrett")[3], to dismiss. Plaintiff, Brenda Brown ("Brown"), has failed to respond to the motions, which are ripe for ruling. The court, having considered the motions, the record,

---

[1]The caption of plaintiff's petition names "ASC Mortgage/U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust . . . ., Barrett Daffin Frappier Turner & Engel, LLP Attorney(s) Joseph M. Vacek and Locke Lord, LLP" as defendants. Doc. 1-4 at 2. (The ellipses are in the original caption.) In the section of the petition titled "parties and service," plaintiff only names "U.S. Bank National Associations Trust," along with "Barrett Daffin Frappier Turner & Engel, LLP (Attorney Joseph M. Vacek)" and "Locke Loard [sic] LLP Attorney & Counselors" as defendants. Doc.1-4 at 9.

[2]The motion is filed by America's Servicing Company, a division of Wells Fargo Bank, N.A., which says that it is improperly named as ASC Mortgage/U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, and U.S. Bank, National Association, which says that it is improperly named as U.S. Bank National Association Trust. Each says that it has not been properly named or served. The court need not consider these arguments to dispose of the motions.

[3]The court considers that Barrett's motion is filed on behalf of the named individual attorney, Joseph M. Vacek, as well as the firm.

and applicable authorities, finds that the motions should be granted.

I.

Background

Brown originally filed this action in the County Court at Law Number 2 of Tarrant County, Texas, and it was removed to this court. This is the third lawsuit filed by Brown regarding the foreclosure of property located at 5809 Magnum Drive, in Arlington, Texas, to be before the court. This latest lawsuit appears to have been precipitated by service of a forcible detainer action against Brown. Her claims go to the validity of the foreclosure.

The first lawsuit, styled "Brenda Brown v. ASC Mortgage, Mortgage Electronic Registration Systems, Inc., aka MERS, and Doe Insurance Company," was filed under Civil Action No. 3:14-CV-03610-B-BK in the Dallas Division and transferred to the docket of the undersigned under Civil Action No. 4:14-CV-819-A. That action, which appeared to challenge record-keeping by the named defendants and sought to set aside an alleged foreclosure, was dismissed for want of prosecution by order and final judgment signed October 17, 2014. Brown did not appeal.

The second lawsuit was likewise filed in the Dallas Division (under Civil Action No. 3:15-CV-00689-P) and transferred to the

2

docket of the undersigned, where it was assigned Civil Action No. 4:15-CV-389-A. The allegations were identical to those made in the first lawsuit, with the further explanation that Brown had attempted to modify the terms of her mortgage without success. The court granted ASC's motion to dismiss in that case by memorandum opinion and order and final judgment signed May 22, 2015. Again, there was no appeal.

II.

Grounds of the Motions

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(6), urging that Brown has failed to state a claim to relief that is plausible on its face. They also assert a number of alternative grounds, including res judicata and entitlement of the law firm defendants to qualified immunity.

III.

Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

3

quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 678. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of

4

misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

IV.

Analysis

As before, Brown's complaint suffers from a number of deficiencies, especially the failure to allege any facts to support any claim against any particular defendant. Legal conclusions and labels are not sufficient to state a plausible claim. Iqbal, 556 U.S. at 678. The complaint is largely unintelligible and Brown makes no attempt to distinguish the actions of any defendant. Lumping defendants together is insufficient to state a claim against any of them. Chyba v. EMC Mortgage Corp., 450 F. App'x 404, 406 (5th Cir. 2011); Washington v. United States Dep't of Housing & Urban Dev., 953 F. Supp. 762, 770 (N.D. Tex. 1996).

The law firms seem to have been named as defendants merely based on their having represented other parties in dealing with Brown. An attorney enjoys qualified immunity with respect to non-clients for action taken in representing a client in a foreclosure. Rojas v. Wells Fargo Bank, N.A., 571 F. App'x 274, 278 (5th Cir. 2014); Campbell v. Mortgage Electronic Registration Systems, Inc., No. 03-11-00429-CV, 2012 WL 1839357, *5 (Tex. App.-Austin May 18, 2012, pet. denied). Brown has not alleged any

5

facts to support a claim against the attorneys on any basis other than the representation they provided to clients.

Res judicata bars claims that have been or should have been raised in an earlier suit. In re Southmark Corp., 163 F.3d 925, 934 (5th Cir. 1999). Res judicata has four elements: (1) identity or privity of parties; (2) prior judgment rendered by a court of competent jurisdiction; (3) prior action concluded by final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. Id. The elements are met in this case with regard to the claims against the non-attorneys. The plaintiff is the same, as is defendant ASC. To the extent other participants in the foreclosure process are defendants (which is difficult to tell based on Brown's confusing naming of parties), they are in privity. See Taylor v. Sturgell, 553 U.S. 880, 894 (2008); Maxwell v. U.S. Bank, N.A., 544 F. App'x 470, 473 (5th Cir. 2013)(privity exists where there is a pre-existing substantive relationship such as between preceding and succeeding owners of property or assignor and assignee). The court had jurisdiction of the prior action, which was concluded by judgment on the merits. And, the same nucleus of operative facts is involved in each action. Test Masters Educ. Servs., Inc. V. Singh, 428 F.3d 559, 571 (5th Cir. 2005); Southmark, 163 F.3d at 934.

6

There are a number of other reasons asserted by defendants for the dismissal of this action, but the court need not address them. For the reasons discussed, Brown's claims must be dismissed.

V.

Order

For the reasons discussed herein, the court ORDERS that defendants' motions to dismiss be, and are hereby, granted, and that Brown's claims in this action be, and are hereby, dismissed with prejudice.

SIGNED September 18, 2015.

_____
JOHN McBRYDE
United States District Judge